DECISION AND JUDGMENT ENTRY
{¶ 1} Bernard Ward appeals his conviction for aggravated vehicular homicide. He contends his conviction is against the sufficiency and weight of the evidence because the state did not prove he acted recklessly. Our review of the record reveals that it contains sufficient evidence, that if believed, would allow a rational juror to determine that Ward acted recklessly. Moreover, because the record contains substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that Ward was reckless, we conclude his conviction is not against the manifest weight of the evidence. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} At approximately midnight on February 23, 2002, Angela Cox, Terry Finley, and Kevin Chaney were driving northbound on State Route 23, south of Chillicothe, Ohio, when Ms. Cox observed the vehicle behind them flip over. She immediately made a u-turn and parked her car, with the headlights on, in the passing lane of southbound traffic directly across from the accident. The three then exited Ms. Cox's car to determine whether the driver of the vehicle needed assistance.
 {¶ 3} In the meantime, Ward was also driving northbound on State Route 23. He was driving in the passing lane of northbound traffic, which is the same lane where the earlier accident had occurred, even though he was not passing anyone. Although there was debris in the road from the earlier accident, Ward either failed to see the debris or ignored it. Thus, he did not reduce his speed from 55 miles per hour. As Ward approached the accident he was unable to stop in time and his car struck and killed Ms. Cox. After the accident, police officers performed a blood alcohol test on Ward. The test results indicate that Ward's blood alcohol was .304, three times the legal limit.
 {¶ 4} In April 2002, the grand jury indicted Ward on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1) and R.C. 2903.06(A)(2). In January 2003, after a four-day trial, the jury convicted Ward of aggravated vehicular homicide in violation of R.C.2903.06(A)(2). Because the jury was unable to reach a verdict on count one of the indictment, the court declared a mistrial on that count. One month later, the court sentenced Ward to eight years in prison, the maximum sentence available. Ward now appeals, raising the following assignment of error: "In violation of due process, Mr. Ward was found guilty of aggravated vehicular homicide on insufficient evidence and his verdict was entered against the manifest weight of the evidence."
 {¶ 5} In his sole assignment of error, Ward challenges his conviction for aggravated vehicular homicide in violation of R.C.2903.06(A)(2). He contends the evidence presented during the trial was insufficient to sustain a verdict of guilty because the state failed to prove that he acted recklessly.
 {¶ 6} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 7} The jury convicted Ward of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), which provides: "No person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * in any of the following ways: * * * (2) recklessly;". Under R.C. 2901.22(C), "a person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 8} Ward contends the evidence does not establish that he caused Ms. Cox's death while acting recklessly. Rather, he contends the evidence supports a finding that Ms. Cox's death was accidental. He indicates that the roadway where the accident occurred was dark and unlit. He notes that the evidence indicates he was not speeding at the time of the accident. He also indicates that Ms. Cox was wearing a dark jacket, making it hard to see her. He asserts that Ms. Cox placed herself in danger by going out into the roadway rather than using her cellular phone to call for help. Finally, he contends there is no evidence that an unintoxicated person could have avoided the accident.
 {¶ 9} Evidence that a defendant was driving under the influence of alcohol may be sufficient to support a finding of recklessness under R.C. 2903.06. State v. Hennessee (1984), 13 Ohio App.3d 436, 439,469 N.E.2d 947; State v. Stacy (May 22, 1990), Pickaway App. No. 87CA23. See, also, State v. Flanek (Sept. 2, 1993), Cuyahoga App. No. 63308;State v. Eudaly (June 14, 1993), Butler App. No. CA92-08-163; State v.Cureton (Jan. 28, 1994), Lucas App. No. L-93-047. As we stated inHennessee, supra, "A licensed driver is charged with the knowledge that driving while under the influence is against the law, and creates a substantial risk to himself and others."
 {¶ 10} At Ward's trial, the state presented substantial evidence of Ward's highly intoxicated state. Ohio State Highway Patrol Trooper Tim Karwatske, the first officer to arrive at the scene, testified that a strong odor of alcohol emanated from Ward's car. The two volunteer firefighters that assisted Ward also testified that he smelled of alcohol. In addition, Jeffrey Turnau, a criminalist with the Ohio State Highway Patrol, testified that Ward's blood alcohol level was .304, three times the legal limit.
 {¶ 11} The state also presented the testimony of James Ferguson, chief toxicologist for the Franklin County Coroner's Office. Mr. Ferguson testified about the effect of alcohol on the human body. He testified that with a blood alcohol level of .10, a person cannot operate a motor vehicle with complete safety. He testified that with a blood alcohol of .20, all persons are sufficiently impaired that they cannot operate a motor vehicle. He further classified a blood alcohol level of .30 as "falling down drunk" and indicated that a person with a such a blood alcohol level would have trouble walking, let alone driving a car. Mr. Ferguson also testified about the effect a person's blood alcohol level would have on his perception, attention, and motor skills. He testified that a person with a blood alcohol level of .30 would experience decreased motor control, decreased attention, loss of critical judgment including the ability to make decisions, and impairment of memory including the ability interpret what he sees.
 {¶ 12} Given the evidence of Ward's state of intoxication, we conclude the state presented sufficient evidence to support the jury's finding that Ward acted recklessly. After viewing the evidence in a light most favorable to the state, we conclude a rational trier of fact could find the essential elements of aggravated vehicular homicide proven beyond a reasonable doubt.
 {¶ 13} In addition to challenging the sufficiency of the evidence, Ward also contends his conviction is against the manifest weight of the evidence. The legal concepts of sufficiency and weight of the evidence are different. Although a verdict is supported by sufficient evidence, a court of appeals may nevertheless conclude that the verdict is against the manifest weight of the evidence. State v. Banks (1992),78 Ohio App.3d 206, 214, 604 N.E.2d 219. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to go to a jury in that it contains prima facie evidence of all of the elements of the charges offense. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717; Carter v. Estell (C.A. 5, 1982), 691 F.2d 777, 778. A weight of the evidence argument merely tests the rational adequacy, i.e., persuasiveness, of the evidence. The two tests are distinct, notwithstanding dicta to the contrary in State v. Jenks(1991),61 Ohio St.3d at 273. See State v. Thompkins (1997), 78 Ohio St.3d 380, 390,678 N.E.2d 541 (Justice Cook, concurring). Therefore, even though we have already addressed the sufficiency of the evidence, it is still necessary to consider the weight of the evidence because it is possible that the evidence may be legally sufficient to go to the jury, yet be so logically unpersuasive that it cannot support a conviction. See State v. Robinson
(1955), 162 Ohio St. 486, 487, 124 N.E.2d 148.
 {¶ 14} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. Thompkins, 78 Ohio St.3d at 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. We will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy,84 Ohio St.3d 180, 193-94, 1998-Ohio-533, 702 N.E.2d 866. We are also guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 {¶ 15} The evidence indicates that at the time of the accident, Ward had a blood alcohol level of .304, three times the legal limit. Despite the known risks associated with driving under the influence of alcohol, Ward proceeded to drive his car until he caused an accident. In addition, the evidence indicates that debris from the first accident stretched approximately 160 feet south of the location of the second accident. Although most of the debris was located in the lane of traffic adjacent to Ward's, the evidence indicates that the debris field contained two large pieces of debris.[1] Trooper Karwatske testified that the plastic tool-box cover from the back of the pick-up truck involved in the roll-over accident was located in the debris field. He also testified that the pick-up truck had struck a road sign and that the sign itself was lying in the middle of the road. However, Ward either ignored the debris or was too intoxicated to see it. Either way, this additional evidence supports the jury's finding that Ward acted recklessly.
 {¶ 16} The evidence indicates that Ward acted recklessly by driving while under the influence of alcohol. Moreover, he acted recklessly by ignoring, or being so intoxicated that he failed to see, debris that served as a warning of the earlier accident. Ward's reckless conduct caused an accident that resulted in Ms. Cox's death. Thus, we conclude there exists substantial evidence from which the jury could reasonably conclude that all the essential elements of aggravated vehicular homicide were established beyond a reasonable doubt. Accordingly, Ward's assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] In addition to the two large pieces, the debris field also contained windshield wipers and plastic trim molding from the pick-up truck as well as large clumps of sod and grass.