OPINION
{¶ 1} Appellant, Terry B. Butcher, appeals the judgment entered by the Portage County Court of Common Pleas. Butcher was convicted of operating a motor vehicle with a prohibited blood-alcohol concentration and vehicular assault.[1] *Page 2 
 {¶ 2} On July 21, 2006, an ox roast was held at St. Joseph's Church in Mantua Township, Ohio. Lydia Hart worked for a private security company, which was providing security for the ox roast. Part of Hart's duties included directing traffic.
 {¶ 3} About 11:30 p.m., there was significant traffic leaving St. Joseph's Drive. Hart was directing traffic at the intersection of St. Joseph's Drive and Pioneer Trail. Pioneer Trail is a rural, east/west road with no pavement markings. St. Joseph's Drive is an access street, which terminates at Pioneer Trail, forming a "T" intersection. Butcher was traveling westbound on Pioneer Trail in his car, approaching the intersection at St. Joseph's Drive. At the intersection, his vehicle struck Hart, who was standing on Pioneer Trail.
 {¶ 4} Hart sustained significant injuries as a result of the accident. She has no recollection of the first six days she was in the hospital. Also, Hart suffered a dislocated knee, a fractured shoulder blade, torn ligaments, a neck sprain, internal bleeding, and two spots on her brain.
 {¶ 5} Butcher was 18 years old at the time of the accident. Butcher admitted to consuming four beers at a friend's house prior to the accident. At the request of the investigating officers, Butcher submitted to chemical testing to determine the level of alcohol in his body. A breath test indicated that Butcher had a concentration of .116 grams of alcohol per 210 liters of his breath. A blood test revealed that Butcher had a blood-alcohol concentration of .089.
 {¶ 6} Butcher was indicted on four separate counts. Count 1 of the indictment charged Butcher with aggravated vehicular assault, in violation of 2903.08(A)(1)(B), a third-degree felony. Count 2 of the indictment charged Butcher with aggravated *Page 3 
vehicular assault, in violation of R.C. 2903.08(A)(2)(C), a fourth-degree felony.[2] Count 3 of the indictment charged Butcher with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and (G), a first-degree misdemeanor. Count 4 of the indictment charged Butcher with operating a motor vehicle with a prohibited concentration of alcohol in his blood, in violation of R.C. 4511.19(A)(1)(b) and (G), a first-degree misdemeanor.
 {¶ 7} Butcher pled no contest to Count 4 of the indictment, operating a motor vehicle with a prohibited concentration of alcohol in his blood, and the trial court found him guilty of that offense. Butcher waived his right to a jury trial, and the remaining three counts proceeded to a bench trial. The state presented several witnesses, including Hart and Trooper Gary Whitacre from the Ohio Highway Patrol, who investigated the accident and took Butcher's statement. In addition to the in-court witnesses presented by the state, several witness statements were admitted by stipulation, due to those individuals failing to appear for the trial. Following the state's case-in-chief, Butcher moved for acquittal pursuant to Crim. R. 29. The trial court overruled this motion. Butcher called Glenn McHenry, an Akron police officer, who specializes in accident reconstruction.
 {¶ 8} The trial court found Butcher not guilty of Count 1 of the indictment, but guilty of Count 2 of the indictment. In his appellate brief, Butcher asserts that the trial court dismissed Count 3 of the indictment, upon request of the state, on the record at the sentencing hearing. The record before this court does not contain a transcript of the sentencing hearing. Moreover, the dismissal is not indicated elsewhere in the record. *Page 4 
However, the state also claims that the trial court dismissed Count 3 of the indictment. Therefore, for the purposes of this appeal, we will proceed under the presumption that Count 3 of the indictment, operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and (G), was dismissed by the trial court.
 {¶ 9} The trial court sentenced Butcher to a six-month prison term for his conviction for vehicular assault. The trial court sentenced Butcher to a three-day sentence for his conviction for operating a motor vehicle with a prohibited concentration of alcohol in his blood. The trial court ordered these sentences be served concurrently. In addition, the trial court suspended Butcher's operator's license for a total of three years.
 {¶ 10} Butcher raises two assignments of error. His first assignment of error is:
 {¶ 11} "The trial court erred in failing to grant the appellant's motion for judgment of acquittal on all charges, as the evidence presented was not legally sufficient to support a conviction."
 {¶ 12} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction. Crim. R. 29(A). When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia
(1979), 443 U.S. 307.
 {¶ 13} Butcher argues that the state could not have proved its case beyond a reasonable doubt, because the indictment and the trial court's judgment entry both refer *Page 5 
to "aggravated vehicular assault," when it is apparent that the parties and the court proceeded under the charge of "vehicular assault."
 {¶ 14} Count 2 of the indictment provided, in part:
 {¶ 15} "Terry B. Butcher on or about the 21st day of July, 2006, at the County of Portage, State of Ohio Aforesaid did
 {¶ 16} "while operating or participating in the operation of a motor vehicle * * * cause serious physical harm to Lydia Hart, in the following manner, to wit: recklessly.
 {¶ 17} "Said act being Aggravated Vehicular Assault, a Felony of the Fourth Degree.
 {¶ 18} "Contrary to and in Violation of Section 2903.08(A)(2)(C) of the Ohio Revised Code, * * *."
 {¶ 19} There is an error in Count 2 of the indictment, as recklessly causing serious physical harm with a motor vehicle is vehicular assault, in violation of R.C. 2903.08(A)(2)(b), not aggravated vehicular assault, in violation of R.C. 2903.08(A)(2)(C).
 {¶ 20} Butcher did not object to this error at the trial court level. Since Butcher failed to timely object to the error in the indictment at the trial court level, he has waived this argument. State v. Biros
(1997), 78 Ohio St.3d 426, 436, citing State v. Joseph (1995),73 Ohio St.3d 450, 455. Accordingly, we will proceed under a plain-error analysis, to determine if Butcher's substantial rights were affected. Crim. R. 52(B).
 {¶ 21} We acknowledge that, in limited circumstances, errors in an indictment have been classified as "structural," necessitating automatic reversal. See State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, at ¶ 17-18. (Citations omitted.) A structural *Page 6 
error is an error that is so egregious that it affects the entire trial and undermines the ability of the trial to result in a fair outcome. Id. at ¶ 17. (Citations omitted.)
 {¶ 22} The Supreme Court of Ohio has held:
 {¶ 23} "An indictment meets constitutional requirements if it `first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" State v. Childs (2000),88 Ohio St.3d 558, 565, quoting Hamling v. United States (1974), 418 U.S. 87,117-118.
 {¶ 24} In this matter, the indictment stated all of the elements of the charged crime, including the requisite mental state. The only errors in the indictment could be classified as typographical, as the named offense was "aggravated vehicular assault" instead of "vehicular assault," and the statutory reference indicated a violation of the wrong subsection, i.e., R.C. 2903.08(A)(2)(C), instead of R.C. 2903.08(A)(2)(b). Thus, the errors in the indictment in the case sub judice are not structural.
 {¶ 25} At trial, it was abundantly clear that both parties, as well as the trial court, went through the entire trial with the understanding that Butcher was being tried with vehicular assault, including its element of reckless. R.C. 2903.08(A)(2)(b). Again, the language of the indictment specifically stated that Butcher was being charged with recklessly causing serious physical harm to Hart by operation of a motor vehicle. Also, defense counsel argued the state had not met its burden of proving that Butcher acted recklessly during his argument in support of Butcher's Crim. R. 29 motion. Further, both defense counsel and the assistant prosecutor argued about whether Butcher's actions *Page 7 
rose to the level of recklessly during their respective closing arguments. Also, the following colloquy occurred after the trial court overruled Butcher's Crim. R. 29 motion:
 {¶ 26} "THE COURT: On Count One of the indictment, construing the state's evidence in its most favorable light, the court will overrule the motion.
 {¶ 27} "On Count Two of the indictment, the court will overrule the motion.
 {¶ 28} "MR. RISSLAND [defense counsel]: Thank you, your honor.
 {¶ 29} "* * *
 {¶ 30} "And with Count One, was that the reckless, or the proximate cause?
 {¶ 31} "THE COURT: Count One was proximate cause."
 {¶ 32} This colloquy demonstrates that everyone had the understanding that Count 2 of the indictment charged Butcher with operating recklessly. Therefore, it alleged a violation of R.C. 2903.08(A)(2)(b), which is the offense of vehicular assault. See R.C. 2903.08(C)(1).
 {¶ 33} Both the indictment and the trial court's judgment entry refer to the offense of aggravated vehicular assault, in violation of R.C. 2903.08(A)(2)(C), a fourth-degree felony. It is possible that this confusion occurred because R.C. 2903.08 is entitled "aggravated vehicular assault; vehicular assault." Thus, both offenses are contained in R.C. 2903.08. Accordingly, a mistake could have occurred during the drafting of the indictment, which resulted in the misclassification of the offense.
 {¶ 34} Further, we note R.C. 2903.08(A)(2) does not contain a subsection (C). The appropriate charge alleging reckless conduct is R.C. 2903.08(A)(2)(b). Presumably, therefore, an error occurred in the drafting of the indictment, which resulted in the incorrect numerical designation of the offense. As the Fourth Appellate District *Page 8 
has noted, "Crim. R. 7(B) provides, in part: `Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant." State v. Schoolcraft, 4th Dist. No. 02CA1, 2002-Ohio-5947, at ¶ 10.
 {¶ 35} Additionally, the fact that the indictment referenced a fourth-degree felony signifies that the offense is intended to be vehicular assault, as vehicular assault under R.C. 2903.08(A)(2)(b) is generally a fourth-degree felony. R.C. 2903.08(C)(1) and (2). However, aggravated vehicular assault is generally a third-degree felony. R.C. 2903.08(B)(1).
 {¶ 36} In light of the foregoing, it is readily apparent that Butcher was actually being charged with vehicular assault, including its mental state of recklessly, in violation of R.C. 2903.08(A)(2)(b). Thus, we conclude that Butcher was not prejudiced, nor were any of his substantial rights affected, by the errors in the indictment.
 {¶ 37} Accordingly, we will address Butcher's first assignment of error to determine whether the state presented sufficient evidence to sustain a conviction for vehicular assault. R.C. 2903.08 provides, in part:
 {¶ 38} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:
 {¶ 39} "* * *
 {¶ 40} "(2) In one of the following ways:
 {¶ 41} "* * * *Page 9 
 {¶ 42} "(b) Recklessly."
 {¶ 43} We note Hart suffered significant injuries as a result of the accident. Butcher does not contest this point on appeal. Therefore, the state presented sufficient evidence that Hart suffered serious physical harm.
 {¶ 44} Butcher argues that there was no evidence that he caused the accident. He argues that there was no evidence presented that he was speeding or was not in his proper lane of travel. Essentially, Butcher argues that the physical maneuvers of his vehicle did not cause the accident.
 {¶ 45} It must be noted that Butcher stated that he did not see Hart prior to the accident. Collectively, various witnesses placed Hart in the middle of Pioneer Trail directing traffic. Also, there was evidence that Hart was wearing a reflective vest and holding a flashlight with an orange cone. Hart was directing traffic leaving a church festival. Butcher attended the festival on the night in question and stated he was familiar with the area. This is additional evidence suggesting that Butcher was on notice that an individual may be directing traffic at the church exit. Butcher's admission that he did not see Hart at any time suggests that he was inattentive and/or his ability to perceive objects in front of his vehicle was diminished. It is hard to imagine how a driver with headlights on could fail to see a person standing in the middle of the road wearing a reflective vest directing traffic. If this evidence is believed by the trier of fact, the trier of fact could conclude that this inattention caused the accident.
 {¶ 46} Further, there was evidence presented that Butcher had a blood-alcohol content of .089 and a breath-alcohol content of .116. While Butcher argues that there was no direct evidence that he was under the influence of alcohol, the alcohol content in *Page 10 
his body was circumstantial evidence that he was under the influence. The Supreme Court of Ohio has held that "`circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof.'" State v.Biros, 78 Ohio St.3d at 447, quoting State v. Jenks, 61 Ohio St.3d 259, paragraph one of the syllabus. Moreover, Butcher admitted that he consumed four beers. Trooper Gary Whitacre of the Ohio Highway Patrol testified that he observed a strong odor of alcohol on Butcher's breath and noticed that Butcher's eyes were glassy. Officer Matthew Myers of the Mantua Police Department also noticed that Butcher's eyes were glassy. Additionally, Officer Myers administered the horizontal gaze nystagmus field sobriety test on Butcher, and he testified that the test indicated some clues that Butcher was intoxicated.
 {¶ 47} This evidence, taken together and viewed in a light most favorable to the state, suggests that Butcher was intoxicated on the night in question and that his intoxication and/or inattentiveness caused the accident.
 {¶ 48} Butcher contends there was no evidence that he acted recklessly.
 {¶ 49} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 50} This court has held that "evidence of driving under the influence is sufficient to establish the element of recklessly."State v. Driesbaugh, 11th Dist. No. 2002-P-0017, 2003-Ohio-3866, at ¶ 51, citing State v. Daugert (June 29, 1990), *Page 11 
11th Dist. No. 89-L-14-091, 1990 Ohio App. LEXIS 2719, at *6-7. The Fourth Appellate District has stated the rationale behind this legal conclusion, holding "`[a] licensed driver is charged with the knowledge that driving while under the influence is against the law, and creates a substantial risk to himself and others.'" State v. Ward, 4th Dist. No. 03CA2703, 2003-Ohio-5847, at ¶ 9. (Citation omitted.) In this matter, Butcher operated his vehicle with a prohibited concentration of alcohol. Moreover, as applied to the case before us, we note that Butcher was 18 years old at the time of the accident. His blood-alcohol and breath-alcohol levels were significantly over the applicable limits for an underage person.[3] Thus, we conclude that this evidence, from a sufficiency of the evidence standpoint, was adequate for the trial court to conclude that Butcher's actions were reckless.
 {¶ 51} The state presented evidence that, when viewed in a light most favorable to the prosecution, was sufficient for a trier of fact to conclude that Butcher committed the offense beyond a reasonable doubt.
 {¶ 52} Butcher's first assignment of error is without merit.
 {¶ 53} Butcher's second assignment of error is:
 {¶ 54} "The appellant's conviction is against the manifest weight of the evidence."
 {¶ 55} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 56} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such *Page 12 
a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387. (Citations omitted.)
 {¶ 57} Butcher places significant emphasis on the fact that Mohamed Giabon, another employee directing traffic at the time of the accident, stated a pickup truck pulled out of St. Joseph's Drive and caused Hart to step back into Butcher's lane of travel. This evidence was presented to the trial court.
 {¶ 58} We note the weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier-of-fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 59} Further, in his statement to the police, Butcher stated that he never saw Hart. When questioned by Trooper Whitacre, Butcher stated that his headlights were on at the time of the accident. If Butcher's assertion that the accident occurred when Hart suddenly stepped into his lane of travel is accurate, then he should have been able to see her prior to that action. This is because Butcher, traveling under 35 m.p.h. with his headlights on, is presumed to be able to see a person standing in the center of the roadway. The fact that all of the witnesses stated that Hart was wearing a reflective vest and holding a flashlight with an orange cone, further emphasizes the inference that Butcher should have seen Hart. The fact that Butcher stated he did not see Hart prior to the accident discredits the theory that the pickup truck, and subsequent reactions of Hart, was the sole cause of the accident. *Page 13 
 {¶ 60} We cannot say the trial court clearly lost its way or committed a manifest miscarriage of justice by finding Butcher guilty of vehicular assault.
 {¶ 61} Butcher's second assignment of error is without merit.
 {¶ 62} The judgment of the court is modified to reflect that Butcher was convicted of vehicular assault, in violation of R.C. 2903.08(A)(2)(b), instead of aggravated vehicular assault, in violation of R.C. 2903.08(A)(2)(C). The judgment of the trial court is affirmed as modified.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
[1] The trial court's judgment entry indicates Butcher was convicted of aggravated vehicular assault. However, the record is clear that appellant's conviction is vehicular assault.
[2] This count should have charged Butcher with vehicular assault, in violation of R.C. 2903.08(A)(2)(b), a fourth-degree felony.
[3] The blood-alcohol and breath-alcohol limits for a driver under 21 years of age are .02. See R.C. 4511.19(B)(1) and (3).