[Cite as *State v. Montgomery*, 2016-Ohio-1497.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0008** |
| DWAYNE E. MONTGOMERY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00612.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Rhonda L. Granitto Santha*, 6401 State Route 534, Farmington, OH 44491 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Dwayne Montgomery, appeals from his aggravated vehicular assault conviction and sentencing alleging that the trial court erred in imposing the maximum prison term and that his indictment was defective. We affirm.

{¶2} In March of 2013, Montgomery was driving his truck on a suspended license. His vehicle struck a car, permanently disabling the occupant. As a result, the 22-year-old victim must now be fed through a feeding tube and resides in a nursing

home. Montgomery's license was suspended at the time of this accident because of prior traffic offenses, including hit skip, reckless operation, and speeding. Montgomery acknowledged that he suffers from a condition causing seizures, but that he nonetheless drove on the day of the accident in spite of this known risk and regardless of his license suspension.

{¶3} Montgomery was indicted with four counts: aggravated vehicular assault, a third-degree felony in violation of R.C. 2903.08(A)(2)(C); driving under suspension, a first-degree misdemeanor in violation of R.C. 4510.11(A); speeding, a minor misdemeanor in violation of R.C. 4511.21; and operation without reasonable control, a third-degree misdemeanor in violation of R.C. 4511.202.

{¶4} Montgomery ultimately pleaded guilty to a sole charge of aggravated vehicular assault. The written guilty plea indicates that he was pleading guilty to aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(C), a third degree felony. It also acknowledged that he was facing up to $10,000 fine, one to five years in mandatory prison time, up to a five-year license suspension, and court costs and restitution. The trial court dismissed all other charges pursuant to the state's motion. Montgomery was sentenced to five years in prison, three years post release control, a $500 fine, and court costs.

{¶5} Montgomery asserts two assignments of error:

{¶6} "Appellant was incorrectly indicted and incorrectly pled to a charge of Aggravated Vehicular Assault when the correct charge was one of Vehicular Assault.

{¶7} "The trial court erred in failing to consider the seriousness of the crime and recidivism factors under R.C. 2929.12 favorable to appellant and instead sentenced him to the maximum prison sentence allowed under the statute."

{¶8} His first assignment of error challenges his underlying conviction in light of the fact that he was charged with aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(C), a third degree felony. His indictment on this count states:

{¶9} "**Dwayne E. Montgomery** *on or about the 22nd day of March, 2013 at the County of Portage, State of Ohio Aforesaid did * * ** **while operating or participating in the operation of a motor vehicle * * * to wit: 2008 Honda Ridgeline, * * * caused serious physical harm to Craig M. Bender, in the following manner, to wit: recklessly, and at the time of the offense, the said Dwayne E. Montgomery was driving under suspension imposed by Chapter 4507 of the Revised Code or any other provision of the Revised Code. * * * Said act being Aggravated Vehicular Assault, a Felony of the Third Degree**." (Emphasis sic.)

{¶10} R.C. 2903.08 is titled "Aggravated Vehicular Assault; Vehicular Assault," and section (A)(1) delineates aggravated vehicular assault, and sections (A)(2) and (A)(3) define vehicular assault.

{¶11} As Montgomery points out, R.C. 2903.08(A)(2)(C) does not exist. Instead, recklessly causing serious physical harm is not aggravated vehicular assault, but constitutes vehicular assault in violation of R.C. 2903.08(A)(2)(b).

{¶12} Montgomery did not object to this error to the trial court, and as such, he has waived all but plain error. *State v. Biros*, 78 Ohio St.3d 426, 436, 678 N.E.2d 891

3

(1997), citing *State v. Joseph*, 73 Ohio St.3d 450, 455, 653 N.E.2d 285 (1995); Crim.R. 52(B).

**{¶13}** "By its very terms, the [plain error] rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, *i.e.*, a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." (Citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240.

**{¶14}** Furthermore, Crim.R. 7(B) provides in part: "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."

**{¶15}** In *State v. Butcher*, 11th Dist. Portage No. 2007-P-0080, 2008-Ohio-3743, ¶20, we considered a similar case in which the defendant was erroneously charged under R.C. 2903.08(A)(2)(C), which again does not exist. Upon reviewing the indictment, however, we found that the errors were merely typographical since the charging instrument correctly spelled out all of the elements of offense, including the requisite mental state. *Id.* at ¶24. This court further reviewed the bench trial transcript of proceedings and confirmed that all of the parties proceeded in prosecuting and defending the case as if Butcher had been correctly charged under R.C.

4

2903.08(A)(2)(b) for vehicular assault, and not aggravated vehicular assault. *Id.* at ¶25-32. *Butcher* found no resulting error.

{¶16} A strikingly similar error occurred in the drafting of Montgomery's indictment. He was charged with *aggravated* vehicular assault in violation of R.C. 2903.08(A)(2)(C), a third degree felony, based on causing serious physical harm to another while recklessly operating a motor vehicle. However, he should have been charged with *vehicular assault* in violation of R.C. 2903.08(A)(2)(b), which is usually a fourth degree felony. However, because Montgomery's offense occurred while his license was already suspended, he was correctly charged with a third-degree felony pursuant to R.C. 2903.08(C)(2), which states in part:

{¶17} "Vehicular assault committed in violation of division (A)(2) of this section is a felony of the third degree if, at the time of the offense, the offender was driving under a suspension imposed under Chapter 4510 * * *."

{¶18} R.C. 2903.08(D)(2) provides that a trial court shall impose a mandatory prison term upon an offender if "[a]t the time of the offense, the offender was driving under suspension * * *."

{¶19} Montgomery does not allege that his license was not suspended at the time of this offense; that he was improperly sentenced as a result of this drafting error or that he was prejudicially misled as a result of the error. Thus, Montgomery's first assigned error lacks merit because the error did not have any effect on the trial court's proceedings. *Barnes*, supra.

{¶20} Montgomery's second assigned error asserts that the trial court ignored the positive sentencing factors in his favor, resulting in its imposition of the maximum

5

sentence. Montgomery alleges that the trial court improperly placed all of its weight on the serious nature of the victim's injuries. We disagree.

{¶1} R.C. 2953.08(G)(2) dictates our standard of review, which states:

{¶2} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶3} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if *it clearly and convincingly finds* either of the following:

{¶4} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶5} "(b) That the sentence is otherwise contrary to law." (Emphasis added.)

{¶6} Appellant claims that his sentence is contrary to law because the trial court ignored certain factors that it was required to consider under R.C. 2929.12, "upon exercising its discretion * * * to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."

{¶7} Although a sentencing court is required to consider the sentencing factors delineated in R.C. 2929.12, it does not have to "'use specific language or make specific

findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors * * *.'" *State v. Long*, 11th Dist. No. 2013-L-102, 2014-Ohio-4416, ¶79 quoting *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10.

**{¶21}** Montgomery alleges that the trial court did not consider his military service, the fact that he led a law-abiding life with no criminal record, and that he had maintained employment, as factors establishing that he was less likely to commit future offenses. However, Montgomery fails to direct our attention to anything evidencing that the trial court did not consider these factors in fashioning his sentence.

**{¶22}** Further, the trial court acknowledged his minimal record at the sentencing hearing, stating: "Again, the Defendant has a very minimal record. What a stupid and tragic accident. This family will never be the same * * *. Again, to deter others in similar situations and to keep you off the road, the Court is going to find that the Defendant is not amenable to community control sanctions and that a prison term is warranted. I am going to sentence the Defendant to five years in the Ohio Department of Corrections." The trial court also states in its judgment entry that it considered the purpose of felony sentencing while imposing the minimum sanction to avoid the imposition of an unnecessary burden on state or local resources.

**{¶23}** Furthermore, Montgomery's argument fails to acknowledge the gravity of the injuries sustained by the victim, who was left in a vegetative state as a result of Montgomery's reckless actions. The prosecutor stated that "life was over" for the victim after this accident. Furthermore, two relatives of the victim spoke at sentencing to explain the loss they have sustained, and one noted that this was not Montgomery's first

accident resulting from his decision to drive an automobile in spite of his medical condition.

{¶24} Defense counsel even stated: "I'm saddened and troubled by my suspicion that the disorder that my client suffers from had some impact upon him in his failure to recognize that he didn't belong behind the wheel of a car. The State of Ohio had provided him with that reality and somehow it didn't sink in."

{¶25} Based on the foregoing, we cannot find that Montgomery's sentence was contrary to law or that the record does not support the sentencing court's findings. R.C. 2953.08(G)(2). Thus, Montgomery's second assignment of error lacks merit.

{¶26} For the foregoing reasons, the trial court's judgment is affirmed.